IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LARRY B. PAINTER**                                                                                            **PETITIONER**
Reg # 14746-045

VS.                                         CASE NO. 5:15CV00028 SWW/BD

**UNITED STATES OF AMERICA**                                                        **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Susan Webber Wright. Mr. Painter – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

> Mail your objections to:
>
> > Clerk, United States District Court
> > Eastern District of Arkansas
> > 600 West Capitol Avenue, Suite A149
> > Little Rock, AR 72201-3325

**II.** **Introduction**

Larry B. Painter filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. (Docket entry #2) In the petition, he challenges the same federal sentence he previously challenged under both 28 U.S.C. § 2241 and 28 U.S.C. § 2255. For reasons explained in this Recommendation, the Court will recommend that Judge Wright summarily dismiss the Petition without prejudice.

**III.** **Background**

On August 25, 2003, a federal judge in the Western District of Missouri sentenced Mr. Painter to a 180-month term of imprisonment after he pleaded guilty to firearm possession offenses in violation of 18 U.S.C. § 922(g)(1) and (3).[1] After his conviction, Mr. Painter appealed his sentence to the Eighth Circuit Court of Appeals, arguing that the sentencing court should not have considered a prior California burglary conviction as a crime of violence for purposes of applying 18 U.S.C. § 924(e), a sentencing enhancement provision. *U.S. v. Painter*, 400 F.3d 1111 (8th Cir. 2005). The Court of Appeals rejected Mr. Painter's argument and affirmed the district court's judgment. *Id*.

---

[1]Mr. Painter is currently serving his sentence at the Federal Correctional Institution in Forrest City, Arkansas.

On November 21, 2006, Mr. Painter filed a petition under 28 U.S.C. § 2255, in the Western District of Missouri, arguing that his prior burglary conviction was not a "violent felony" and should not have been considered as such for sentencing purposes. *Painter v. U.S.*, 2007 WL 1051682 (W.D.Mo. 2007). The district court rejected this claim and denied the § 2255 petition. The Court of Appeals then denied Mr. Painter's motion for a certificate of appealability. *Painter v. U.S.*, Case No. 07-2468 (8th Cir. December 4, 2007).

On December 31, 2007, Mr. Painter brought a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2241. In that petition, he challenged the validity of a Missouri state escape conviction. This Court held that it lacked jurisdiction to address the validity of the Missouri conviction because Mr. Painter was no longer in custody under the state sentence. On August 18, 2009, the Eighth Circuit affirmed. *Painter v. Outlaw*, 324 Fed.Appx. 47, 48, 2009 WL 2502122 (8th Cir. 2009).

Undeterred, Mr. Painter filed another § 2241 petition in this Court, claiming that his Missouri escape conviction was wrongly deemed a violent felony by the federal sentencing court under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Painter v. Outlaw*, 2010 WL 2366423 (E.D.Ark. 2010). Mr. Painter claimed the escape was a "walkaway escape" from confinement in a facility with "no fences, locked doors or guards," and that under *Chambers v. United States*, __ U.S. __, 129 S.Ct. 687 (2009), the escape conviction could no longer be characterized as a violent felony. *Id.* As with Mr.

Painter's previous § 2241 petition, the Court dismissed this second §2241 petition without prejudice due to lack of jurisdiction. The Eighth Circuit dismissed Mr. Painter's appeal, and the District Court denied Mr. Painter's subsequent motions for relief and reconsideration.

Mr. Painter has now filed another § 2241 petition, again claiming that his Missouri escape conviction and California burglary conviction were wrongly deemed violent felonies. (#2, #3)  Even if Mr. Painter's claims had merit, this is not the proper Court to consider the petition.

## IV.     Discussion

This Court is without jurisdiction to hear Mr. Painter's habeas corpus petition. A challenge to the validity of the sentence itself must be brought under 28 U.S.C. § 2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (citing *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995)); accord *Alevras v. Snyder*, No. 99-2467, 1999 WL 1059831 (8th Cir. Nov.16, 1999).  Mr. Painter's claim is a challenge to his sentence and can be brought only in the Western District of Missouri.

Moreover, Mr. Painter has previously filed a petition with the sentencing court under 28 U.S.C. § 2255, which was denied, *Painter v. U.S.*, 2007 WL 1051682 at *1 (W.D.Mo. 2007), and the Court of Appeals denied his motion for a certificate of appealability. *Painter v. U.S.*, Case No. 07-2468 (8th Cir. December 4, 2007).  Under 28 U.S.C. § 2255(h), a second or successive petition must be certified by the Court of

Appeals. Mr. Painter previously sought certification from the Eighth Circuit Court of Appeals to file a second or successive petition, but the Court denied that request. See *Painter v. U.S.*, No. 10-1151, slip-op at 1 (8th Cir. March 3, 2010).

## V. Conclusion

The Court recommends that Judge Wright summarily dismiss Larry B. Painter's Petition for Writ of Habeas Corpus (#2) without prejudice for lack of jurisdiction.

DATED this 4th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE